UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MARJORIE YOUNG, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-07-612 |
| | § | |
| THE PRUDENTIAL INSURANCE | § | |
| COMPANY OF AMERICA, | § | |
| | § | |
| *Defendant*. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is defendant's motion to dismiss under FED. R. CIV. P. 12(b)(6). The defendant asserts that the plaintiff's state-law claims for compensation pursuant to the life insurance policy in question are preempted by the Employee Retirement Income Security Act of 1974 ("ERISA"). After a review of the arguments and the law, the court finds that the motion should be GRANTED.

### I. BACKGROUND

This case concerns the defendant's alleged failure to pay the proceeds on a life insurance contract to the plaintiff, the named beneficiary. Dkt. 1, Ex. A at 3. The policy was provided to Mr. Charles Young through his employment with Redstone Group, Ltd. Dkt. 1 at 1. Upon Mr. Young's death on May 3, 2004, the plaintiff demanded payment of the face value of the policy from the defendant. Dkt. 1, Ex. A at 3. The plaintiff alleges that despite this demand, the defendant refuses to pay on the policy. *Id.* As a result, the plaintiff filed suit in state court alleging breach of contract, Insurance Code violations, breach of the duty of good faith and fair dealing, and violations of the

1

Texas Deceptive Trade Practices Act ("DTPA"). *Id*. at 3-7. The plaintiff is seeking treble damages under the DTPA in addition to lawyer's fees, prejudgment interest, and court costs. *Id*. at 8.

The defendant removed the suit to federal court based on federal question jurisdiction due to preemption under the Employee Retirement Income Security Act of 1974 ("ERISA"), and alternatively, under diversity jurisdiction. Dkt. 1. The defendant subsequently moved to dismiss for failure to state an ERISA cause of action. Dkt. 3. To date, the plaintiff has not responded to defendant's motion to dismiss. Per local practice, the court treats plaintiff's silence as a statement of non-opposition to defendant's motion.[1]

## II. APPLICABLE LAW

A.  *Motion to Dismiss Standard*

Rule 12(b)(6) authorizes dismissal of a complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). Two primary principles guide the court's determination of whether dismissal under Rule 12(b)(6) should be granted. First, the court should grant a motion under Rule 12(b)(6) only if it appears beyond doubt that the nonmovant could prove no set of facts in support of his claims that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 102 (1957); *Leffall v. Dallas Indep. Sch. Dist.*, 28 F.3d 521, 524 (5th Cir. 1994); *see also Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982). Second, the court must accept all well-pleaded facts as true and view them in the light most favorable to the nonmovant. *See Capital Parks, Inc. v. Southeastern Adver. & Sales*

---

[1] Generally, the non-moving party has twenty days to file a response before the lack of response is considered a representation of non-opposition. *See* L.R. 7.3, 7.4. However, because it would be improper to dismiss an action merely because of a lack of response, this court must carefully consider the merits of an unanswered motion. *See Hibernia Nat'l Bank v. Administracion Cent. Sociedad Anonima*, 776 F.2d 1277, 1279 (5th Cir. 1985).

*Sys., Inc.*, 30 F.3d 627, 629 (5th Cir. 1994); *Norman v. Apache Corp.*, 19 F.3d 1017, 1021 (5th Cir. 1994); *Chrissy F. by Medley v. Miss. Dep't of Pub. Welfare*, 925 F.2d 844, 846 (5th Cir. 1991). However, conclusory allegations and unwarranted factual deductions will not suffice to avoid a motion to dismiss. *United States ex rel. Willard v. Humana Health Plan of Tex. Inc.*, 336 F.3d 375, 379 (5th Cir. 2003).

A court generally must not look beyond the pleadings when determining whether a complaint states a claim upon which relief may be granted. *Carpenters Local Union No. 1846 v. Pratt-Farnsworth, Inc.*, 690 F.2d 489, 499-500 (5th Cir. 1982). However, the court may consider documents attached to the motion to dismiss "if they are referred to in the plaintiff's complaint and are central to [the] claim." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000). Such documents assist the plaintiff in establishing the claim and the court in analyzing the motion to dismiss. *Id*. at 499. As such, any ERISA documents defining the plan may be considered in reviewing the motion to dimiss under FED. R. CIV. P. 12(b)(6). *Franks v. Prudential Health Care Plan, Inc*., 164 F. Supp. 2d 865, 872 (W.D. Tex. 2001).

B.   *The Plan*

The defendant first claims that the plan under which the life insurance policy was issued qualifies as an ERISA plan. Dkt. 3 at 4-5. A three-step test is applied in order to determine if the plan in question qualifies as an ERISA plan. *McNeil v. Time Ins. Co.*, 205 F.3d 179, 189 (5th Cir. 2000). The plan must: 1) exist; 2) not fall within the safe harbor exclusion; and 3) meet the ERISA requirement of establishment or maintenance by an employer for the purpose of benefitting the plan participant. *Id*.; *see also Meredith v. Time Ins. Co.*, 980 F.2d 352, 355 (5th Cir. 1993). In this case, the plan clearly exists as it forms the basis for plaintiff's suit. The safe harbor exclusion applies to

any plan meeting all four statutory criteria, which include the following: "1) the employer does not contribute to the plan; 2) participation is voluntary; 3) the employer's role is limited to collecting premiums and remitting them to the insurer; and 4) the employer received no profit from the plan." *McNeil*, 205 F.3d at 190.  The plan in question fails on the first requirement since the employer contributes to the plan by paying the insurance premiums for the employees.  Dkt. 1-2 at 23.  The plan therefore falls outside the safe harbor exclusion.  The final requirement for qualifying as an ERISA plan is that the plan be established or maintained by the employer for the benefit of the employees.  The plan lists the covered class as "all salaried Houstonian employees" and the contract holder as the Redstone Group, Ltd.  Dkt 1-2 at 19, 23.  This evidence demonstrates that the plan is maintained by Redstone Group for the benefit of its salaried employees located in Houston, Texas.  As a result of meeting the requirements, the plan in question qualifies as an ERISA plan.

C.   *ERISA Preemption*

The defendant argues that all of the plaintiff's claims are preempted by ERISA.  Dkt. 3 at 3. There are two types of preemption under ERISA: "complete preemption" under section 502, 29 U.S.C. § 1132; and "conflict preemption" under section 514, 29 U.S.C. § 1144.  The claims raised in plaintiff's original petition fall under different types of preemption, and they should therefore be analyzed separately.

**1. Complete Preemption**

Complete preemption results whenever Congress "so completely [preempts] a particular area that any civil complaint raising this select group of claims is necessarily federal in character." *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63-64, 107 S. Ct. 1542, 1546 (1987).  Complete preemption arises under the section 502 civil-enforcement provisions of ERISA when a state-law cause of action

duplicates, supplements, or supplants one of the remedies provided in that section. *See Aetna Health Inc. v. Davila*, 542 U.S. 200, 207-08, 124 S. Ct. 2488, 2495 (2004); *Taylor*, 481 U.S. at 63-64. "Section 502, by providing a civil enforcement cause of action, completely preempts any state cause of action seeking the same relief." *Giles v. NYLCare Health Plans, Inc.*, 172 F.3d 332, 337 (5th Cir. 1999); *Neumann v. AT&T Commc'ns, Inc.*, 376 F.3d 773, 779 (8th Cir. 2004). "In other words, if an individual, at some point in time, could have brought his claim under [ERISA § 502], and where there is no other independent legal duty that is implicated by a defendant's actions, then the individual's cause of action is completely pre-empted by ERISA [§ 502]." *Davila*, 542 U.S. at 210. Complete preemption permits removal to federal court because the cause of action arises under federal law. *See Giles*, 172 F.3d at 337.

Here, the plaintiff's breach of contract claim is based on the defendant's alleged denial of benefits due under an ERISA-governed life insurance contract. Plaintiff could have brought this claim under § 1132(a) seeking relief for a denial benefits under the plain terms of federal law. As the state-law cause of action in this case "duplicates" the relief provided by § 1132(a), *see Davila*, 542 U.S. at 209, it is completely preempted by ERISA. Accordingly, plaintiff's state-law contract claim cannot proceed and must be dismissed.

**2. Conflict Preemption**

As a preliminary matter, because the contract claim is completely preempted by ERISA, this court has removal jurisdiction over that putatively federal claim. *See* 28 U.S.C. § 1441(b). As to the remaining claims, the court "may exercise supplemental jurisdiction over state law claims, *see* 28 U.S.C. § 1367, even if it dismisses or otherwise disposes of the federal claim or claims." *See Giles*, 172 F.3d at 337. The court will now consider whether the remaining claims are subject to conflict preemption under § 1144(a).

5

Conflict preemption exists when state-law claims are asserted that "relate to any employee benefit plan described in section 1003(a) of this title and not exempt under section 1003(b) of this title." 29 U.S.C. § 1144(a). A state-law claim may "relate to" a benefit plan even if the state law is not specifically designed to affect such plans and the effect is only indirect. *See Ingersoll-Rand Co. v. McClendon*, 498 U.S. 133, 139, 111 S. Ct. 478 (1990) (*citing Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 47, 107 S. Ct. 1549 (1987)). "Conflict preemption does not allow removal to federal court but is an affirmative defense against claims that are not completely preempted under Section 1132(a)." *Ellis v. Liberty Life Assurance Co. of Boston*, 394 F.3d 262, 275 n.34 (5th Cir. 2004) (*citing Giles*, 172 F.3d at 337). Once the defense of conflict preemption is raised, § 1144(a) "governs the law that will apply to the state-law claims, regardless of whether the case is brought in state or federal court." *Pryzbowski v. U.S. Healthcare, Inc.*, 245 F.3d 266, 277 (3d Cir. 2001).

Plaintiff's remaining substantive claims unquestionably "relate to" the plan, as she is seeking to recover damages for conduct surrounding the denial of benefits under the plan. In similar circumstances, the Fifth Circuit has held that analogous claims under the DTPA, the Insurance Code, and the duty of good faith and fair dealing are preempted by § 1144(a).[2] *See Ellis*, 394 F.3d at 276

---

[2] The court recognizes that an exception to conflict preemption exists for state laws "which regulate insurance," *see* 29 U.S.C. § 1144(b), but it is not applicable to this case. Courts have interpreted this savings clause narrowly, requiring that for a state law to be saved from preemption, it must "(1) be directed toward entities engaged in insurance, and (2) substantially affect the risk pooling arrangement between the insurer and the insured." *Ellis*, 394 F.3d at 276 (*quoting Ky. Ass'n of Health Plans, Inc. v. Miller*, 538 U.S. 329, 341-42, 123 S. Ct. 1471 (2003)). With regard to plaintiff's common-law claims, they are not directly addressed to the insurance industry, so they fail the first *Miller* prong and cannot be saved from preemption. Also, regarding the Insurance Code and incorporated DTPA claims, the court assumes that the plaintiff's claims arise under laws directed toward the insurance industry. Even so, her claims fail the second prong of the *Miller* test and are not saved from preemption. Both statutory claims are remedial in nature and do not address the pooling of risk for individual policies. "Being remedial, these [claims] cannot possibly affect the *bargain* that an insurer makes with its insured *ab initio*." *Id.* at 277. Accordingly, these claims are not saved from conflict preemption under § 1144(b), and they must yield to ERISA's comprehensive scheme for relief.

(finding the duty of good faith and fair dealing preempted under ERISA); *Barrientos v. Reliance Standard Life Ins. Co.*, 911 F.2d 1115, 1116 (5th Cir. 1990) (holding that claims under the DTPA and the Texas Insurance Code are not saved from preemption under ERISA); *Ramirez v. Inter-Continental Hotels*, 890 F.2d 760, 763-64 (5th Cir. 1989) (deciding that Texas Insurance Code claims incorporating the DTPA are subject to ERISA preemption).

Lastly, plaintiff's claim for attorneys' fees under Chapter 38 of the Texas Civil Practice and Remedies Code cannot proceed. This claim is intimately associated with the state-law causes of action that "relate to" the plan and is similarly subject to ERISA preemption. *See Mayeaux v. La. Health Serv. & Indem. Co.*, 376 F.3d 420, (5th Cir. 2004). Thus, all of plaintiff's state-law claims are not cognizable by this court, and her sole remedy at law is through the remedial provisions of the ERISA statutory scheme.

### III. Conclusion

The defendant filed this motion to dismiss under Rule 12(b)(6) on the grounds that ERISA preempts plaintiff's state-law claims. Since the plaintiff's suit was brought exclusively under various state-law theories, all of which are preempted under ERISA, the plaintiff has failed to state any cause of action upon which relief may be granted. The defendant's motion to dismiss is therefore GRANTED. Plaintiff's state-law claims are DISMISSED WITH PREJUDICE.

It is so ORDERED.

Signed at Houston, Texas on April 24, 2007.

_____
Gray H. Miller
United States District Judge